Craig B. Sanders, Esq. (California Bar No. 284397)

csanders@sanderslawpllc.com
**SANDERS LAW, PLLC**
100 Garden City Plaza, Suite 500
Garden City, NY  11530
Telephone:  (516) 203-7600
Facsimile:  (516) 281-7601
*Attorneys for Plaintiff*

File No.: 108283

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, <br><br> Plaintiff, <br><br> vs. <br><br> Internet Brands, Inc., <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

BWP Media USA Inc. d/b/a Pacific Coast News ("*BWP*" and/or "*Plaintiff*"), by and through its undersigned counsel, as and for its Complaint against Defendant Internet Brands, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover for copyright infringement.

2. Plaintiff herein provides entertainment-related photojournalism

1

goods and services.  Specifically, Plaintiff owns the rights to a multitude of photographs, primarily featuring celebrities, which it licenses to online and print publications for profit. Plaintiff has obtained U.S. copyright registrations covering the majority of its photographs, and many others are the subject of pending copyright applications.

3.     Defendant owns and operates a website known as atvconnection.com (the "*Website*") and, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website.  Defendant engaged in this misconduct knowingly and in violation of the United States copyright laws.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

5.     Additionally, this Court has subject matter jurisdiction over all of the photographs, including any unregistered images.  *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010); *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 (9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

6.     This Court has personal jurisdiction over Internet Brands, Inc. because Internet Brands, Inc. maintains its principal place of business in California.

7.     Venue is proper under 28 U.S.C. §1391(a)(2) because Internet Brands, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**PARTIES**

**I.      Plaintiff**

8.      BWP is a corporation duly organized and existing under the laws of the State of Delaware and maintains its principal place of business in Los Angeles County, California.

**II.     Defendant**

9.      Upon information and belief, Defendant Internet Brands, Inc., is a California Corporation with a principal place of business in Los Angeles County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.     The Website is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiff'ss copyrighted photographs.

11.     The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

12.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

13.     The Photographs were copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively referred to as the "*Infringements*").

14.     As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be

communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

15.    Each listed infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

16.    Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

17.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website including, but not limited to, copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

18.    Upon information and belief, Defendant directly contributes to the content posted on the Websites by, *inter alia*, directly employing staff writers, editors, moderators and/or administrators as Defendant's agents (hereinafter collectively referred to as "Employees") who are responsible for operating and controlling the activities on the Website.

19.    Defendant's act of designating Employees as staff writers, editors, moderators and/or administrators, regardless of their actual position or their nature of relationship with Defendant, and providing them with specific Website-related powers beyond that of a typical user leads a "third party reasonably to believe the actor has authority to act on behalf of the Defendant." Restatement (Third) of Agency, § 2.03 (2006); *Columbia Pictures Industries, Inc. v. Fung*, 2009 WL6355911 (C.D.Cal., 2009) *aff'd in part and modified*, 710 F.3d 1020 (9th Cir. 2013).

20.    At all material times hereto the Employees were acting within the course and scope of their employment.

21.    At all material times hereto the Employees were acting within the

1    course and scope of their agency.

2        22.    17 U.S.C. §512, also known as the Digital Millennium Copyright

3    Act ("DMCA") provides a defense against an infringement that is "by reason of

4    the storage at the direction of a user."  The applicable legislative history

5    provides that "[i]nformation that resides on the system or network operated by

6    or for the service provider through its own acts or decisions and not at the

7    direction of a user does not fall within the liability limitation of subsection (c)."

8    *See* S.Rep. No. 105–190, at 43 (1998).

9        23.    Defendant's conduct is not safe harbored by DMCA, in that none of

10   the Infringements were posted at the direction of a "user" as that term is defined

11   in 17 U.S.C. §512(c).

12       24.    The Infringements at issue were posted by Defendant's staff

13   writers, editors, moderators and/or administrators.

14       25.    Upon information and belief, Defendant was aware of facts or

15   circumstances from which the determination regarding the Infringements was

16   apparent.

17       26.    Defendant cannot claim that it was unaware of the infringing

18   activities, including the specific Infringements which form the basis of this

19   complaint, since such a claim would amount to only willful blindness to the

20   Infringements on the part of Defendant.

21       27.    Upon information and belief, Defendant engaged in the

22   Infringements knowingly and in violation of applicable United States Copyright

23   Laws.

24       28.    Additionally, on information and belief, Defendant, with "red flag"

25   knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C.*

26   *§512(c)(1)(A)(i)*) as evidenced by the fact that Defendant's Employees created

27   and/or authored the Infringements at issue.

28       29.    Further, Defendant has the legal right and ability to control and

limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right, which, on information and belief, is evidenced by the following:

    (a)    Defendant's Employees were responsible for the content at issue; and

    (b)    Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

30.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic and, in turn, Defendant realized an increase its advertising revenues and/or merchandise sales. *17 U.S.C. §512(c)(1)(B).*

31.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

32.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

33.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**

### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

34.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

35.    The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

36.    Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

37.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one or more of Plaintiff's exclusive rights in its copyrights.

38.    Defendant's reproduction of the Photographs and display of the Photographs on the Websites constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

39.    Upon information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

40.    As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial.

## SECOND COUNT

### *(Vicarious Copyright Infringement)*

41.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

42.    At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, staff writers, editors, moderators, administrators and/or members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practical ability to do so.

43.    For example, on information and belief, Defendant had the practical

ability to police the images on the Website when its Employees, staff writers, editors, moderators, administrators and/or members created the post at issue.

44.     Upon further information and belief, Defendant had the practical ability to police the images on the Website when its Employees, staff writers, editors, moderators, administrators and/or members edited, modified and/or interacted with the Photographs and, therefore, had the right and ability to supervise and control the Infringements.

45.     As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photographs which, in turn, generates profits for Defendant.   Consequently, Defendant directly benefits from the use of the Infringements.

46.     Upon information and belief, Defendant enjoyed a direct financial benefit from the infringing activity of its members, Employees, staff writers, editors, moderators, administrators and/or members from, inter alia, advertising revenue from the increased traffic to its Website and from an increase in fees paid by sponsors.

47.     Upon information and belief, Defendant further enjoyed a direct financial benefit from using the "draw" of Plaintiff's Photographs to increase user traffic, thereby increasing advertising and/or sales revenue.

48.     Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it.  *See e.g., Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

49.     As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per

infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial.

### THIRD COUNT

#### (*Injunction Pursuant to 17 U.S.C. §502*)

50.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

51.     Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

### FOURTH COUNT

#### (*Attorney Fees and Costs Pursuant to 17 U.S.C. §505*)

52.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

53.     Plaintiff requests, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

### JURY DEMAND

54.     Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a.     Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $30,000 per infringement, or, up to $150,000 per infringement for any infringement found to be willful, in an amount to be proven at trial or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant's wrongful

profits in an amount to be proven at trial; and

b.    A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c.    Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

d.    Plaintiff's costs; together with

e.    Such other relief that the Court determines is just and proper.

DATED: October 12, 2015

**SANDERS LAW, PLLC**

By: _/s/ Craig B. Sanders_____
  SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:108283